**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| MARY KAY BOHAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| ALLIED INTERSTATE, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant | ) |

## **COMPLAINT**

MARY KAY BOHAN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the District of Delaware, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Newark, Delaware 19713.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with an office located at 7525 W Campus Rd, New Albany, OH 43054.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Debt collection is the principal purpose of Defendant's business.

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number that she has had for more

than one year.

14. At all relevant times, Defendant attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

15. Plaintiff does not have any business or commercial debts, so the debt that Defendant has been calling to collect could only have been a personal debt incurred primarily for personal, family or household purposes.

16. Beginning in or about November 2015, and continuing through November 2016 Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone and work telephone numbers regarding an alleged debt.

17. Defendant called Plaintiff from numbers including, but not limited to: (888) 253-3108.

18. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

19. Plaintiff knew that Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as she would hear a message play before a live caller would come on the phone.

20. Defendant's telephone calls were not made for "emergency purposes."

21. Plaintiff told Defendant to stop calling her when the calls first began

in November 2015.

22. Plaintiff also sent written correspondence to Defendant indicating to stop calling.

23. However, Defendant's calls to Plaintiff continued.

24. During this time Defendant also placed calls to Plaintiff's work number.

25. Plaintiff never provided her work telephone number to Defendant.

26. These calls were disruptive to her work.

27. Defendant also called Plaintiff's mother despite having Plaintiff's contact information.

28. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA**

29. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with intent to annoy, abuse, or harass any person at the called number.

31. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly calling Plaintiff on her cellular and work telephone numbers and continuing to call knowing its calls were unwanted between July 2016 and November 2016.

## COUNT II
### DEFENDANT VIOLATED § 1692c(b) OF THE FDCPA

32. A debt collector violates § 1692d of the FDCPA when without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, it communicates, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

33. Defendant violate § 1692c(b) of the FDCPA when it called Plaintiff's mother regarding the alleged debt between July 2016 and November 2016.

# COUNT III
# DEFENDANT VIOLATED THE
# TELEPHONE CONSUMER PROTECTION ACT

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

36. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

37. Defendant's calls to Plaintiff were not made for emergency purposes.

38. Defendant's calls to Plaintiff, in and after November 2015, were not made with Plaintiff's prior express consent.

39. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

40. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

41. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARY KAY BODEN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)

    h. Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARY KAY BODEN, demands a jury trial in this case.

         RESPECTFULLY SUBMITTED,

         KIMMEL & SILVERMAN, P.C.

Date:  8-4-17      By: /s/W.Christopher Componovo, Esquire
          W. Christopher Componovo, Esquire
          Kimmel & Silverman, P.C.
          30 E. Butler Pike
          Ambler, PA 19002
          Phone: (215) 540-8888 ext. 110
          Fax: (877) 788-2864
          Email: wcomponovo@lemonlaw.com